IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BIODELIVERY SCIENCES INTERNATIONAL, INC. and ARIUS TWO, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ALVOGEN PB RESEARCH & DEVELOPMENT LLC, ALVOGEN MALTA OPERATIONS LTD., ALVOGEN PINE BROOK LLC, ALVOGEN, INC., and ALVOGEN GROUP, INC., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) C.A. No. 18-1395 (CFC) |

## [PROPOSED] SCHEDULING ORDER

This 9th day of January 2019, the Court having conducted an initial Rule 16(b) scheduling conference pursuant to Local Rule 16.1(b), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration:

IT IS ORDERED that:

1. <u>Rule 26(a)(1) Initial Disclosures</u>. The parties shall make their initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) on or before **January 30, 2019**. The parties shall also make their initial disclosures pursuant to Paragraph 3 of the Delaware Default Standard for Discovery, on **January 30, 2019**. The parties are discussing a proposed ESI Order and will utilize the Court's discovery dispute procedures should they be unable to reach agreement.

2. <u>Joinder of Other Parties and Amendment of Pleadings</u>. All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before **September 20, 2019**.

3. <u>Discovery</u>.

   a. <u>Discovery Cut Off</u>. All discovery in this case shall be initiated so that it will be completed on or before **December 20, 2019**.

   b. <u>Initial Discovery and Exchanges</u>. Pursuant to Paragraph 4(a)-(d) of the Default Standard:

   i. On or before **January 30, 2019**, Plaintiffs will produce the prosecution histories of the asserted patents under Paragraph 4(a) of the default disclosures.

   ii. On or before **February 15, 2019**, Defendants shall produce their ANDA under Paragraph 4(b) of the default disclosures.

   iii. On or before **March 15, 2019**, Plaintiffs shall provide to Defendants their initial claim chart under Paragraph 4(c) of the default disclosures.

   iv. On or before **May 3, 2019**, Defendants shall provide to the Plaintiffs their initial invalidity contentions under Paragraph 4(d) of the default standard.

   c. <u>Document Production</u>. Document production shall be substantially completed on or before **July 18, 2019**.

   d. <u>Requests for Admission</u>. A maximum of **fifty (50)** requests for admission are permitted for each side. This limitation does not include requests for admission directed the authentication of documents.

   e. <u>Interrogatories</u>. A maximum of **twenty-five (25)** interrogatories, including contention interrogatories, are permitted for each side.

   f. <u>Depositions</u>. Each side is limited to a combined total of **seven (7)** depositions upon oral examination of individual fact witnesses plus one deposition under Federal Rule of Civil Procedure 30(b)(6). Such depositions shall comport with Federal Rule of Civil

Procedure 30(d), i.e., each deposition is limited to **one (1)** day of **seven (7)** hours, except that the total collective time for all topics for one or more witnesses designated under Rule 30(b)(6) shall not exceed **fourteen (14)** hours. When an interpreter is required (i.e., when the deponent is not a native English speaker), each **two (2)** hours of actual deposition time will count as **one (1)** hour toward the total time permitted. If necessary, either party may petition the court for additional depositions and/or time. The parties agree that no depositions shall take place until after the date of the Substantial Completion of Document Production.

4. <u>Application to Court for Protective Order</u>. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court on or before **February 15, 2019**.

Any proposed protective order must include the following paragraph:

> <u>Other Proceedings</u>. By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this Order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

5. <u>Disputes Relating to Discovery Matters and Protective Orders</u>. Should counsel find they are unable to resolve a dispute relating to a discovery matter or protective order, the parties shall contact the Court's Case Manager to schedule an in-person conference/argument. Unless otherwise ordered, by no later than 72 hours prior to the conference/argument, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and the party's

position on those issues. The party shall submit as attachments to its letter (1) an averment of counsel that the parties made a reasonable effort to resolve the dispute and that such effort included oral communication that involved Delaware counsel for the parties, and (2) a draft order for the Court's signature which identifies with specificity the relief sought by the party. By no later than 48 hours prior to the conference/argument, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition. Two courtesy copies of the parties' letters and attachments must be provided to the Court within one hour of e-filing the document(s). If a motion concerning a discovery matter or protective order is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the procedures set forth in this paragraph.

    6. <u>Papers Filed Under Seal</u>. When filing papers under seal, counsel shall deliver to the Clerk an original and one copy of the papers. A redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

    7. <u>Courtesy Copies</u>. The parties shall provide to the Court two courtesy copies of all briefs and one courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits, etc.). This provision also applies to papers filed under seal.

    8. <u>Claim Construction Issue Identification</u>. On or before **May 30, 2019**, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be filed no later than **June 18, 2019**. The Joint Claim Construction Chart, in Word format, shall be e-mailed simultaneously with filing to cfc_civil@ded.uscourts.gov. The text for the Joint Claim Construction Chart shall be 14-point and in Times New Roman or a similar

typeface. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A separate text-searchable PDF of each of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

9. <u>Claim Construction Briefing</u>. The Plaintiffs shall serve, but not file, their opening brief, not to exceed 5,500 words, on **July 16, 2019**. The Defendants shall serve, but not file, their answering brief, not to exceed 8,250 words, on **August 13, 2019**. The Plaintiffs shall serve, but not file, their reply brief, not to exceed 5,500 words, on **September 3, 2019**. The Defendants shall serve, but not file, their sur-reply brief, not to exceed 2,750 words, on **September 24, 2019**. The text for each brief shall be 14-point and in Times New Roman or a similar typeface. Each brief must include a certification by counsel that the brief complies with the type and number limitations set forth above. The person who prepares the certification may rely on the word count of the word-processing system used to prepare the brief.

No later than **October 4, 2019**, the parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their untitled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

### JOINT CLAIM CONSTRUCTION BRIEF

I. Agreed-upon Constructions

II. Disputed Constructions

    A. [TERM 1]

        1. Plaintiffs' Opening Position

        2.     Defendants' Answering Position
        3.     Plaintiffs' Reply Position
        4.     Defendants' Sur-Reply Position

    B.     [TERM 2]

        1.     Plaintiffs' Opening Position
        2.     Defendants' Answering Position
        3.     Plaintiffs' Reply Position
        4.     Defendants' Sur-Reply Position

Etc. The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the parties shall submit them in a Joint Appendix.

10. <u>Hearing on Claim Construction</u>. Beginning at _1:00_ p.m. on **November 14, 2019**, the Court will hear argument on claim construction. Absent prior approval of the Court (which, if it is sought, must be done by joint letter submission no later than the date on which answering claim construction briefs are due to be served), the parties shall not present testimony at the argument, and the argument shall not exceed a total of three hours.

11. <u>Disclosure of Expert Testimony</u>.

    a.    <u>Expert Reports</u>. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **February 19, 2020**. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **March 18, 2020**. Reply expert reports from the party with the initial burden of proof are due on or before **April 15, 2020**. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Depositions of experts shall be completed on or before **June 5, 2020**.

12. <u>Case Dispositive Motions</u>. No case or issue dispositive motions will be permitted in this Hatch-Waxman case tried to the bench.

13. <u>Applications by Motions</u>. Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

14. <u>Pretrial Conference</u>. On ~~August~~ September 10, 2020, the Court will hold a Rule 16(e) final pretrial conference in court with counsel beginning at 4:00 p.m. The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5:00 p.m. on the third business day before the date of the final pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.

The parties may raise issues related to expert testimony in the pretrial order.

15. <u>Motions *in Limine*</u>. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to three *in limine* requests, unless otherwise permitted by the Court. Each *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the *in limine* request may add a maximum of one additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three-page submission (and, if the moving party, a single one-page reply). No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

16. <u>Compendium of Cases</u>. A party may submit with any briefing two courtesy copies of a compendium of the selected authorities on which the party would like the Court to focus. The parties should not include in the compendium authorities for general principles or uncontested points of law (e.g., the standards for summary judgment or claim construction). An authority that is cited only once by a party generally should not be included in the compendium. An authority already provided to the Court by another party should not be included in the compendium. Compendiums of cases shall not be filed electronically with the Court, but a notice of service of a compendium of cases shall be filed electronically with the Court.

17. <u>Trial</u>. This matter is scheduled for a _5_-day [Propose 5-day Bench Trial] _bench_ trial beginning at _8:30am_ a.m. on **September _21_**, 2020, with the subsequent trial days beginning at _8:30_ a.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

18. <u>ADR Process</u>. This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

                                               _____
                                               UNITED STATES DISTRICT JUDGE

## Summary of Case Schedule

| Event | Proposed Dates |
|---|---|
| Complaint Filed | September 7, 2018 |
| Answer Filed | November 30, 2018 |
| Exchange Rule 26 Initial Disclosures | January 30, 2019 |
| Plaintiffs Produce the Prosecution Histories for the Asserted Patents Under Paragraph 4(a) of Default Disclosures | January 30, 2019 |
| Default Standard Paragraph 3 Disclosures by Both Parties | January 30, 2019 |
| Protective Order | February 15, 2019 |
| Defendants Produce Their ANDA Under Paragraph 4(b) of Default Disclosures | February 15, 2019 |
| Plaintiffs' Claim Chart Pursuant to Paragraph 4(c) of the Default Standard | March 15, 2019 |
| Defendants' Initial Validity Contentions Pursuant to Paragraph 4(d) of the Default Standard | May 3, 2019 |
| Exchange List of Claim Terms for Construction and Constructions | May 30, 2019 |
| Submit Final Joint Claim Chart | June 18, 2019 |
| Plaintiffs to Serve Opening Claim Construction Brief | July 16, 2019 |
| Substantial Completion of Document Production | July 18, 2019 |
| Defendants to Serve Answering Claim Construction Brief | August 13, 2019 |
| Amendment of Pleadings | September 20, 2019 |
| Plaintiffs to Serve Reply Claim Construction Brief | September 3, 2019 |
| Defendants to Serve Sur-Reply Claim Construction Brief | September 24, 2019 |
| Parties to File Joint Claim Construction Brief and Joint Appendix of Evidence | October 4, 2019 |
| *Markman* Claim Construction Hearing | November 2019 |
| Close of Fact Discovery | December 20, 2019 |
| Opening Expert Reports | February 19, 2020 |
| Rebuttal Expert Reports | March 18, 2020 |
| Reply Expert Reports | April 15, 2020 |
| Close of Expert Discovery | June 5, 2020 |
| Pretrial Conference | August 2020 |
| 5-Day Bench Trial | September 2020 |

| Event | Proposed Dates |
|---|---|
| Thirty Month Stay Deadline | January 30, 2021 |