

222 Delaware Avenue • Suite 900 • Wilmington, Delaware 19801
Tel: (302) 472.7300 • www.hegh.law

DD:   (302) 472-7311
Email:   dtgattuso@hegh.law

August 22, 2025

**VIA CM-ECF & HAND DELIVERY**
The Honorable Chief Judge Colm F. Connolly
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801-3555

      RE:   *BioDelivery Sciences International, Inc. et al. v. Alvogen Pb Research & Development LLC, et al.*
            C.A. No. 18-1395-CFC-CJB

Dear Chief Judge Connolly,

    I write, along with Spencer Fane LLP ("SF"), as counsel to Defendants ("Alvogen") in the above-referenced action (1) to withdraw Exhibit D, the declaration of Kurt Karst, Esq., submitted in support of Defendants' Brief in Response to Plaintiffs' Motion to Enforce the Final Judgment, which was filed on August 12, 2025, and to strike those portions of Defendants' Brief referencing Mr. Karst's expert testimony.[1] D.I. 354. A proposed Order is attached hereto as Ex. A. The circumstances of this request implicate issues of professional conduct, which we are bringing to the Court's attention.

    On Friday, August 15, 2025, Jennifer Swan, counsel for Plaintiffs ("BDSI"), contacted Mr. Karst directly to inform him that, while she was at the Dechert firm, she had retained Mr. Karst to advise Dechert about a matter involving the firm's

---

[1] A highlighted portion of Alvogen's Brief in Response to Plaintiffs' Motion to Enforce the Final Judgment is attached hereto as Ex. C, identifying those statements in the brief referencing Mr. Karst's expert opinion testimony.



The Honorable Colm F. Connolly
August 22, 2025
Page 2

representation of BDSI. Ex. B at ¶¶6-8, 10.[2] That afternoon, Mr. Karst advised Jeremy Lowe and Brian Bear of Spencer Fane about Ms. Swan's call, at which point Spencer Fane began investigating the issue. *Id.*

On August 16, Spencer Fane advised Alvogen about the issue, which also began its own internal investigation. *Id.* at ¶12. Later that day, Mr. Lowe sent an email to Howard Levine, Jennifer Swan and Jeremy Tigan, who are counsel for BDSI, advising them that Spencer Fane had been advised of Ms. Swan's contact with Mr. Karst. *Id.* at ¶13. Mr. Lowe also offered to put Spencer Fane's internal ethics counsel, Joseph Hatley, in touch with BDSI's counsel if they had additional information they wanted to share about Mr. Karst's prior involvement with Collegium and/or BDSI to aid in the investigation. *Id.*[3]

Counsel for BDSI first contacted Spencer Fane about the Karst issue on Tuesday, August 19, 2025; and in a email on August 20, counsel for BDSI first represented that Mr. Karst had been retained by BDSI regarding Belbuca. *Id.* at ¶¶18, 20. While it was not initially clear whether Mr. Karst's engagement was with Dechert or directly with BDSI, Spencer Fane accepted counsel's representation at face value, assumed that Mr. Karst's representation was directly with BDSI, and continued to conduct its investigation accordingly. *Id.* at ¶¶19, 21, 22.

As a result of the investigation, Spencer Fane learned that Mr. Karst had also represented Collegium, Inc., which acquired BDSI in March 2022, but that Collegium had executed an advanced waiver and stipulated that the representation did not include affiliates as part of that engagement. *Id.* at ¶19. Spencer Fane also confirmed that Mr. Karst had not disclosed either of those prior representations to

---

[2] The Declaration of Jeremy Lowe, Esq., is attached here as Ex. B. The Lowe Declaration sets forth in much greater detail the investigation undertaken by Spencer Fane with the assistance of Alvogen along with true and correct copies of all correspondence relevant to this letter.

[3] Mr. Hatley is acting as screened counsel in conjunction with the investigation. Evan Lee, in-house counsel for Alvogen, who is acting as screened counsel for Alvogen is working with Mr. Hatley in this investigation.



The Honorable Colm F. Connolly
August 22, 2025
Page 3

Alvogen or its counsel prior to August 15. *Id.* at ¶¶9, 14-15, 23-25. Lastly, Spencer Fane determined that neither Alvogen nor its counsel provided BDSI confidential information to Mr. Karst in conjunction with his work for Alvogen and did not provide Mr. Karst with a copy of Plaintiffs' sealed opening brief in support of its Motion to Enforce and the related exhibits; nor did Mr. Karst share any confidential information of BDSI or Collegium with Alvogen or its counsel. *Id.*

It was the understanding of Spencer Fane and Alvogen that, as required by the ethics rules, Mr. Karst conducted a proper conflict check prior to being retained. It remains unclear whether Mr. Karst conducted a conflict check. Regardless, Mr. Karst did not disclose either of the prior Collegium and BDSI representations to Alvogen or its counsel prior to August 15. *Id.* at ¶¶23-25. Had Alvogen and its counsel known about either representation prior to August 15, neither Spencer Fane nor Alvogen would have engaged Mr. Karst or submitted his declaration.

As a result of its investigation, Alvogen respectfully requests that the Court enter the attached Order permitting Alvogen to withdraw Mr. Karst's declaration. And, subject to meeting and conferring with counsel for BDSI, Alvogen may ask the Court for leave to submit a replacement declaration from a new declarant in place of Mr. Karst's declaration.

Respectfully submitted,

*/s/ Dominick T. Gattuso*

Dominick T. Gattuso (#3630)

cc:   All Counsel of Record (via CM/ECF)