IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BIODELIVERY SCIENCES INTERNATIONAL, INC. and ARIUS TWO, INC.<br><br>　　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>ALVOGEN PB RESEARCH & DEVELOPMENT LLC, ALVOGEN MALTA OPERATIONS LTD., ALVOGEN PINE BROOK LLC, ALVOGEN, INC., and ALVOGEN GROUP, INC.<br><br>　　　　　　　　Defendants. | Civil Action No. 18-1395-CFC |

## MEMORANDUM ORDER

By a letter filed in late August, Defendants (Alvogen) asked for permission "to withdraw Exhibit D, the declaration of Kurt Karst, Esq., submitted in support of Defendants' Brief in Response to Plaintiffs' Motion to Enforce the Final Judgment, which was filed on August 12, 2025" and asked me "to strike those portions of Defendants' Brief referencing Mr. Karst's expert testimony." D.I. 361 at 1. The request should have been made by motion. *See* D. Del. LR 7.1.2(a) ("Unless otherwise ordered, all requests for relief shall be presented to the Court by motion."). I will nonetheless grant the request because it is unopposed and

because of the unusual (and unfortunate) circumstances that give rise to it. *See generally* D.I. 361 at 1–2 (noting that Mr. Karst had previously been retained by Plaintiff BioDelivery Sciences International, Inc. (BDSI) regarding Belbuca (the drug at issue in this case), that "[i]t remains unclear whether Mr. Karst conducted a conflict check" prior to being retained, and that Mr. Karst did not disclose to Alvogen his prior representations of BDSI and BDSI's parent).

Alvogen also asks in the letter that I enter a proposed order submitted as an exhibit to the letter. The proposed order, however, is objectionable for two reasons. For starters, the relief sought in the proposed order does not match the relief sought in the letter. The letter asks that I permit Alvogen to withdraw Karst's declaration and that I strike the portions of Alvogen's brief that cite to the declaration. The proposed order, however, provides for additional relief—namely, that I "treat" the "portions" of Alvogen's opposition brief that cite to Karst's declaration "as counsel's own legal arguments" and "consider the merits of all such arguments." D.I. 361-1 at 2–3. Nowhere in the letter does Alvogen mention, let alone offer any justification for, this additional relief.

This failure on Alvogen's part is likely because of the second reason the proposed order is objectionable—namely, that the proposed order states something that is not true. In point of fact, the "portions" of Alvogen's opposition brief identified in the proposed order are *not* legal arguments. If the portions were truly

legal arguments, they would have been supported by citations to case law, FDA regulations, or other legal authority. That Alvogen cited only Karst's declaration in support of the "portions" in question makes clear that those "portions" are assertions of fact, not assertions of law.

NOW THEREFORE, at Wilmington on this Ninth Day of January in 2026, it is HEREBY ORDERED that (1) the declaration of Kurt Karst, Esq. (D.I. 354-3), submitted as Exhibit D in support of Defendants' Brief in Response to Plaintiffs' Motion to Enforce the Final Judgment (D.I. 354), is WITHDRAWN; and (2) all portions of Defendants' Brief in Response to Plaintiffs' Motion to Enforce the Final Judgment that cite to or make reference to Karst's expert testimony are STRUCK.

_____
CHIEF JUDGE